UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TUAN THANH PHAN, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM,<br>Secretary of Homeland Security, et al.,<br><br>      Defendants. | Civil Action No. 25-2147 (RDM) |

**PARTIAL RESPONSE TO PLAINTIFFS' MOTION FOR
A TEMPORARY RESTRAINING ORDER**

Defendants respectfully submit this partial response to Plaintiffs' motion for a temporary restraining order. This response is partial in nature as Defendants have had Plaintiffs papers for less than four waking hours and Defendants reserve their rights to file a subsequently, more complete response, should the Court require further briefing in this matter.

The Supreme Court has twice rejected this relief. Now Plaintiffs are trying yet another end, run by seeking relief from a different District Court. That is forbidden by the most basic principles of civil procedure as well as multiple jurisdictional bars in the Immigration and Nationality Act. And their efforts to circumvent this Supreme Court threatens a constitutional crisis. This abuse of process must be immediately shut down, and the government reserves the right to seek sanctions.

**BACKGROUND**

In short, Plaintiffs seek an order preventing the government from removing them under the Immigration and Nationality Act ("INA") during the pendency of this action. Plaintiffs are aliens who have received final orders of removal after receiving due process in removal

proceedings.  Pls. TRO Mem. (ECF No. 2-2) at 12–14.  Plaintiffs are currently being detained at a military base in Djibouti and are set to be removed to South Sudan, a country that is not Plaintiffs nation of origin.  *See id.*

## PROCEDURAL HISTORY

Believing that the government's efforts to remove aliens with final orders of removal to third countries are unlawful, a class of aliens sued in the District of Massachusetts to enjoin their removals to such third countries.  *See* Mem. & Order, *D.V.D. v. Dep't of Homeland Sec.*, Civ. A. No. 25-10676 (D. Mass. Apr. 18, 2025) (certifying class and entering preliminary injunction; "Defendants are ENJOINED from deporting any alien with a final order of removal to any country not explicitly provided for on the alien's order of removal without first providing to that alien" processes identified in the court's opinion).  After the district court in that case certified the class and preliminarily enjoined the government's efforts, *id.* at ECF Nos. 34, 64, and the First Circuit denied the government's request to stay that preliminary injunction pending appeal, *D.V.D. v. Dep't of Homeland Sec.*, No. 25-1311 (1st Cir. Apr. 7, 2025), the government sought such a stay from the Supreme Court.  *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153 (U.S. filed May 27, 2025).  During the appellate proceedings, the district court found that the government had violated its preliminary injunction and issued a May 21, 2025, order providing further relief to individual plaintiffs, effectively providing extra-statutory remedies before the government could effect their removals.  Order, *D.V.D. v. Dep't of Homeland Sec.*, Civ. A. No. 25-10676 (D. Mass. May 21, 2025), ECF No. 119.

In its Supreme Court stay application, the government principally argued that the district court lacked jurisdiction to consider the class action under 8 U.S.C. § 1252(f)(1), and as to the individual plaintiffs, their relief was barred by the jurisdiction stripping provisions of 8 U.S.C. § 1252(b)(9) and (g).  Stay Application, *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153 (U.S.

filed May 27, 2025). On June 23, 2025, the Supreme Court entered a stay of the district court's preliminary injunction pending appeal, both as to the class and the named plaintiffs. *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153 (U.S. June 23, 2025).

Despite the Supreme Court's stay, the district court in Massachusetts insisted that its May 21, 2025, Order remained in effect, preventing the removals of the named plaintiffs. Elec. Order, Order, *D.V.D. v. Dep't of Homeland Sec.*, Civ. A. No. 25-10676 (D. Mass. June 23, 2025). Accordingly, once again, the government returned to the Supreme Court for clarification of its stay order, "to make clear beyond any doubt that the government can immediately proceed with the third-country removals of the criminal aliens from Djibouti." Motion for Clarification, *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153 (U.S. June 24, 2025). Yesterday evening, the Supreme Court granted that motion, clarifying that the district court's May 21, 2025, is no longer in force. *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153 (U.S. July 3, 2025).

## LEGAL STANDARD

A temporary restraining order is governed by the same standards as a preliminary injunction. *Experience Works, Inc. v. Chao*, 267 F. Supp. 2d 93, 96 (D.D.C. 2003) ("The same standards apply for both temporary restraining orders and preliminary injunctions."). "'A preliminary injunction is an extraordinary remedy never awarded as of right,' but 'only when the party seeking the relief, by a clear showing, carries the burden of persuasion[.]'" *Cal. Ass'n of Private Postsecondary Sch. v. DeVos*, 344 F. Supp. 3d 158, 166 (D.D.C. 2018) (Moss, J.) (denying motion for preliminary injunction) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008), and *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)). "To secure a preliminary injunction, a plaintiff 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Cal.*

*Ass'n*, 344 F. Supp. 3d at 166 (quoting *Winter*, 555 U.S. at 20). "Of these factors, likelihood of success on the merits and irreparable harm are particularly crucial." *Aracely R. v. Nielsen*, 319 F. Supp. 3d 110, 125 (D.D.C. 2018) (Contreras, J.) (denying, in part, preliminary injunction).

While courts in this Circuit before the Supreme Court's decision in *Winter* applied a sliding scale in evaluating requests for provisional relief, "the continued viability of the sliding scale approach is uncertain as the Supreme Court and the D.C. Circuit have strongly suggested, without holding, that a likelihood of success on the merits is an independent, free-standing requirement for a preliminary injunction." *Feng Wang v. Pompeo*, 354 F. Supp. 3d 13, 20 (D.D.C. 2018) (Chutkan, J.) (denying preliminary injunction) (internal quotation marks omitted) (citing, among others, *Sherley v. Sebelius*, 644 F.3d 388, 393 (D.C. Cir. 2011) ("[W]e read *Winter* at least to suggest if not to hold 'that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.'")); *accord Cal. Ass'n*, 344 F. Supp. 3d at 167.

Regardless of whether the sliding-scale approach remains good law, "[t]he power to issue a preliminary injunction . . . should be sparingly exercised." *Mott Thoroughbred Stables, Inc. v. Rodriguez*, 87 F. Supp. 3d 237, 243 (D.D.C. 2015) (Walton, J.) (denying preliminary injunction) (quoting *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969)). Moreover, "a party seeking a preliminary injunction must clear two, non-negotiable hurdles[,]" namely (i) establish that the Court has subject matter jurisdiction over the plaintiff's claims, and (ii) demonstrate that the party will "likely" suffer irreparable harm if the injunction is not entered—"a mere 'possibility' of harm will not suffice." *Cal Ass'n*, 344 F. Supp. 3d at 167 (collecting citations).

**ARGUMENT**

It is an unfortunate reality in our current political climate that policy disagreements spill into the courts. There is nothing inherently wrong with that, so long as attorneys act in good faith

and courts stick to calling balls and strikes.  In this case, Plaintiffs' counsel has run roughshod over those boundaries. The saga of Immigration and Customs Enforcement ("ICE") agents and aliens in Djibouti has been playing out for weeks on a national stage.  The United States has been to the Supreme Court, not once but twice, prevailing both times.  Now, a day after that second victory and in the quiet of a national holiday, Plaintiffs' counsel has misleading convinced this court to delay yet again a carefully planned and negotiated flight to South Sudan—leaving ICE agents yet again facing untenable conditions. The stay must be lifted immediately and the Court should swiftly deny Plaintiffs' request for a temporary restraining order.[1]

*First*, and foremost, the Supreme Court has issued rulings preventing the provisional relief sought by Plaintiffs here.  Undoubtedly, Plaintiffs are part of the class that filed suit in Massachusetts.  The claims of that class for provisional injunctive relief were rejected by the Supreme Court last night.  This case is an attempt to end run the Supreme Court's ruling by trying improperly to split claims seeking the same relief that has been rejected by the Court—an approach that runs contrary to the Federal Rules of Civil Procedure.  That cannot stand. Granting the relief here would create a constitutional crisis—a district court refusing to abide by a ruling of the Supreme Court.  Ordered justice cannot allow for this chicanery.  The Court must send that message and immediately deny Plaintiffs' requested relief.

*Second*, the Court plainly lacks jurisdiction over Plaintiffs' claims.  In two separate provisions, the Immigration and Nationality Act strips this Court of any jurisdiction to hear Plaintiffs' claims here.  8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this

---

[1] Defendants reserve their rights to seek sanctions at a later date in this action, including due to a potential lack of candor.

> subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

*Id.* And 8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

*Id.* These provisions effectively channel all challenges to removal to the immigration court system and the petition for review process. Plaintiffs address neither of them in their motion. Indeed, Plaintiffs fail to discuss this Court's jurisdiction at all. And Plaintiffs are plainly wrong to suggest that the Court can issue writs in this circumstance when its jurisdiction is plainly lacking.

*Third*, the Immigration and Nationality Act makes clear that Plaintiffs have no protectable interest in where they are removed. 8 U.S.C. § 1231(b)(2)(E)(viii) allows the government to remove aliens to any third country where "impracticable, inadvisable, or impossible" to remove alien to the statutorily designated countries. And 8 U.S.C. § 1231(h) makes clear that this provision of the statute creates no rights in aliens to object to their place of removal. *Id.* ("Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."). As such, Plaintiffs have no protectable interest that could

serve as the basis for a constitutional claim in the location of their removal. This is fatal to any Fifth Amendment claim that Plaintiffs attempt to bring.[2]

*Fourth*, the equities fail to support Plaintiffs. As an initial matter, the litigation of the government's third-country removal practices regarding aliens detained in Djibouti has been ongoing since March 2025. Yet Plaintiffs waited after the Supreme Court conclusively rejected any provisional relief in that case, until near midnight on the day before a national holiday, to file this suit and their motion. This is plainly a dilatory tactic. Had Plaintiffs wished to assert an alternative claim for "punitive" removal, they could have done so in the Massachusetts litigation, or better yet, in the process that actually has jurisdiction over this matter—their removal proceedings. The Court cannot countenance this blatant gamesmanship. Moreover, Plaintiffs ask this Court to ignore the Supreme Court and interfere with diplomatic matters committed to the discretion of the Executive Branch. That is, Plaintiffs seeks to disrupt the Executive diplomatic efforts to find places to remove Plaintiffs, who again have final orders of removal.

*Lastly*, while the government has respected the Court's entry of an administrative stay and is presently halting its efforts to remove Plaintiffs, the Court has no power to enter such a stay. The Federal Rules of Civil Procedure ("Rules") provide for only two forms of provisional injunctive relief: (1) preliminary injunctions, which operate to enjoin parties during the pendency of an action, and (2) temporary restraining orders, which operate to enjoin parties until the Court has the opportunity to consider a request for a preliminary injunction and which may be sought on an ex parte basis. *See* Fed. R. Civ. P. 65(a), (b); Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2941 (3d ed. June 2024 update) ("A temporary-restraining order typically is sought and issued on an ex parte basis and operates to prevent immediate irreparable injury until a hearing

---

[2]   Plaintiffs also received all the process they were due in their removal proceedings and do not contend otherwise in their papers.

can be held to determine the need for a preliminary injunction. A preliminary injunction is effective until a decision has been reached at a trial on the merits."). Before either a preliminary injunction or a temporary restraining order may issue, a movant must establish a likelihood of success on the merits and irreparable harm (among other showings). *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).

While a temporary restraining order cannot be immediately appealed, the issuance of a preliminary injunction can. This is because a temporary restraining order can only last for a short period of time and comes with "general principles imposing strict limitations on the scope of temporary restraining orders." *Sampson v. Murray*, 415 U.S. 61, 86–88 (1974). And courts cannot characterize provisional relief exceeding those strict limitations as a temporary restraining orders. As the Supreme Court has noted: "A district court, if it were able to shield its orders from appellate review merely by designating them as temporary restraining orders, rather than as preliminary injunctions, would have virtually unlimited authority over the parties in an injunctive proceeding." *Sampson*, 415 U.S. at 86–87; *see also In re Dist. No. 1 – Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n*, 723 F.2d 70, 74 (D.C. Cir. 1983) (deeming characterization of provisional relief as temporary restraining order "to be patently erroneous").

There is no third tool available to district courts—e.g., an "administrative stay"—subject to some unidentified standard short of the requirements set forth in *Winter* and providing unknown appellate rights that permits a district court to enjoin a party (and, in particular, the Executive) before it can consider a request for a temporary restraining order (which itself is an urgent, emergency request for provisional relief until a preliminary injunction can be considered). Indeed, as its name indicates, an "administrative stay" is solely used by appellate

courts to halt (or "stay") the effectiveness of judicial commands, not place binding obligations on the parties to a suit in the first instance.

The support cited by the Court in its administrative stay order provides no authority for a district court to issue provisional injunctive relief without a finding of both a likelihood of success on the merits and irreparable harm. Instead, Justice Barrett in *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring), discussed administrative stays available to appellate courts, which are used by them to halt (or "stay") the effectiveness of an order or judgment until an appellate court can consider the merits of a stay pending appeal. *Id.* at 799 ("When entered, an administrative stay is supposed to be a short-lived prelude to the main event: a ruling on the motion for a stay pending appeal."). Nothing in that concurrence suggests that a trial court can use that appellate apparatus to enjoin the Executive Branch or others without a requisite showing of a likelihood of success on the merits, irreparable harm, and the balance of equities favoring provisional relief.

Additionally, the D.C. Circuit's holding in *Human Rights Defense Center v. U.S. Park Police*, --- F.4th ---, 2025 WL 286516 (D.C. Cir. Jan. 24, 2025), further underscores the limits on district courts to fashion remedies under its inherent authority absent a statutory or rules-sanctioned basis for doing so. A "court's invocation of an inherent power must [ ] 'either be documented by historical practice' or 'supported by an irrefutable showing that the exercise of an undoubted authority would otherwise be set to naught.'" *Id.* at *6 (quoting *Cobell v. Norton*, 334 F.3d 1128, 1141 (D.C. Cir. 2003)). That authority is cabined to enforce rules necessary to protect the integrity of courts "and prevent abuses of the judicial process[.]" *Human Rts.*, 2025 WL 286516, at *6 (quoting *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995)). As such, that authority is typically deployed "to admit members to the bar, discipline bar

members, punish contempt of court, vacate judgments based on fraud on the court, and punish bad-faith or vexatious conduct." *Human Rts.*, 2025 WL 286516, at *6. That authority, however, does not permit a district court to disregard controlling statements of the law regarding the requirements for entering provisional injunctive relief. *See id.* at *7 (a district court lacked inherent authority to enjoin party by commanding the return of inadvertently released records under the Freedom of Information Act).

Ultimately, district courts enjoy no inherent authority to enjoin the Executive (or other parties) without finding that a litigant has demonstrated a likelihood of success on the merits and irreparable harm, among the other factors set forth in *Winter*, and the Court here was without jurisdiction to issue its administrative stay order without making those determinations.

\* \* \*

## CONCLUSION

      For these reasons, the Court should immediately deny Plaintiffs' motion for a temporary restraining order and vacate its administrative stay.

Dated: July 4, 2025  
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO  
United States Attorney

By:     */s/ Brian P. Hudak*  
      BRIAN P. HUDAK, D.C. Bar #90034769  
      Chief, Civil Division  
      601 D Street, NW  
      Washington, DC 20530  
      (202) 252-2549

*Attorneys for the United States of America*